Filed 3/22/24 P. v. Vue CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098061 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F10435) |
| v. | |
| BEE VUE, | |
| Defendant and Appellant. | |

Defendant Bee Vue appeals from an order denying his motion for a proceeding to preserve youth-related mitigating evidence for a future youth offender parole hearing under Penal Code section 3051.[1] Vue acknowledges he is statutorily ineligible for a youth offender parole hearing under section 3051 because he was sentenced to life without parole (LWOP) for a special circumstance murder he committed when he was 20

---

[1] Undesignated statutory references are to the Penal Code.

years old. But he argues that the exclusion of young adult LWOP offenders from the youth offender parole process violates equal protection. In accordance with the California Supreme Court's recent decision in *People v. Hardin* (Mar. 4. 2024, S277487) ___ Cal.5th ___ [2024 Cal. Lexis 1076] (*Hardin*), we reject Vue's equal protection challenge and affirm.

## BACKGROUND

In 2007, a jury found Vue guilty of first degree murder (§§ 187, subd. (a), 189) and found true the special circumstance that the murder was committed during the commission of attempted robbery (§ 190.2, subd. (a)(17)) and that Vue personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced Vue to a term of LWOP for the murder plus 25 years to life for the firearm enhancement, to run consecutively. We affirmed the judgment in an unpublished opinion in *People v. Vue* (Sept. 30, 2008, C055534). Vue was 20 years old when he committed the offense.

In 2023, Vue moved for a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 to preserve mitigating evidence for use in a future youth offender parole hearing. The trial court denied the motion. Vue timely appealed, filing a notice of appeal with this court in March 2023. His opening brief was filed in September 2023, and this case was fully briefed on December 6, 2023.

## DISCUSSION

Offenders who are eligible for a youth offender parole hearing are entitled to make a record of youth-related mitigating evidence so that the parole board may, in the future, properly discharge its obligation to determine whether the offender is fit to rejoin society. (*People v. Franklin, supra*, 63 Cal.4th at pp. 268-269, 284; *In re Cook* (2019) 7 Cal.5th 439, 446-447; *People v. Benzler* (2021) 72 Cal.App.5th 743, 748-749.) Section 3051 sets forth the eligibility criteria for youth offender parole hearings. Under that provision, most persons convicted of a controlling offense committed before the age of 26 are now

eligible for a youth offender parole hearing after 15, 20, or 25 years in prison, depending on their controlling offense.  (*People v. Sands* (2021) 70 Cal.App.5th 193, 198; § 3051, subds. (a) & (b).)  However, section 3051, subdivision (h) excludes from the youth offender parole hearing process young adult offenders, like Vue, who were sentenced to LWOP for a controlling offense committed between the ages of 18 and 25.  (*Sands,* at p. 199; § 3051, subd. (h).)

Vue effectively concedes that, having been sentenced to LWOP, section 3051 renders him ineligible for youth offender parole consideration.  But he contends that the trial court should have granted his motion for a *Franklin* proceeding because excluding young adult LWOP offenders from parole consideration, even though young adults sentenced to parole-eligible terms are entitled to such consideration, violates federal and state equal protection principles.  The California Supreme Court recently resolved a virtually identical equal protection challenge to section 3051 in *Hardin, supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 1076, pp. *31-*33].  There, as here, the defendant submitted there was no rational basis for excluding certain young adult offenders from youth parole consideration because of their LWOP sentences.  (*Ibid*.)  Our Supreme Court rejected this argument, explaining that "[l]ife without parole is the most severe sentence of imprisonment in California law, applicable only in cases of special circumstance murder and a small number of other offenses the law regards as particularly serious.  By excluding persons sentenced to life without parole from youth offender parole proceedings, the Legislature exercised its prerogative to define degrees of culpability and punishment by leaving in place longstanding judgments about the seriousness of these crimes and, relatedly, the punishment for them." (*Id*. at p. ___ [2024 Cal. Lexis 1076, p. *32, fn. omitted].)  For this same reason, we conclude that Vue has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders sentenced to LWOP.  In his briefing, Vue

acknowledged that the decision in *Hardin* would control the outcome of his arguments before this court and, accordingly, Vue's equal protection claim fails.**2**

DISPOSITION

The order denying Vue's motion for a *Franklin* proceeding is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
DUARTE, Acting P. J.

_____/s/_____
WISEMAN, J.**\***

---

**2** As noted, Vue challenges section 3051 under both the United States Constitution and the California Constitution. In *Hardin*, the defendant did "not raise any arguments specific to the California Constitution." (*Hardin, supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 1076, p. *20, fn. 2].) But as with our Supreme Court, "we see ' "no reason to suppose" that federal equal protection analysis would yield a result different from what would emerge from analysis of the state Constitution.' " (*Ibid.*)

**\*** Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.